UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cv-62860-BLOOM/Valle

CHANEL, INC.,

       Plaintiff,

vs.

REPLICACHANELBAG, *et al.*,

       Defendants.

_____/

**CONSENT FINAL JUDGMENT AND PERMANENT INJUNCTION
AS TO DEFENDANT NUMBER 27**

**THIS CAUSE** came before the Court upon Plaintiff, Chanel, Inc.'s ("Plaintiff") Motion for Consent Final Judgment and Permanent Injunction (the "Motion"), ECF No. [29], filed January 16, 2019. The Court has carefully considered the Motion, the record in this case, and the applicable law, and is otherwise fully advised.

Plaintiff and Defendant, newstart168 a/k/a Anne Luxury Collection, identified as Mo Qingyun ("Defendant Number 27"), stipulate and consent to the following:

WHEREAS, Defendant Number 27 adopted and began using trademarks in the United States that infringe and dilute the distinctive quality of Plaintiff's various registered trademarks as identified in Paragraph 16 of Plaintiff's Complaint, ECF No. [1], and on Schedule "B" attached thereto (the "Chanel Marks");

WHEREAS, Defendant Number 27's use of names and marks, which incorporate one or more of the Chanel Marks is likely to cause confusion as to source or origin;

WHEREAS, the parties desire to settle and have amicably resolved their dispute to their satisfaction; and

Case No. 18-cv-62860-BLOOM/Valle

WHEREAS, based upon Plaintiff's good faith prior use of the Chanel Marks, Plaintiff has superior and exclusive rights in and to the Chanel Marks in the United States and any confusingly similar names or marks; it is

**ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion, **ECF No. [29]**, is **GRANTED**. Judgment is entered in favor of Plaintiff and against Defendant Number 27.

2. Defendant Number 27 and his respective officers, agents, servants, employees and attorneys, and all persons in active concert and participation with them are hereby permanently restrained and enjoined from intentionally and/or knowingly:

   a. manufacturing or causing to be manufactured, importing, advertising, or promoting, distributing, selling or offering to sell counterfeit and infringing goods bearing the Chanel Marks;

   b. using the Chanel Marks in connection with the sale of any unauthorized goods;

   c. using any logo, and/or layout, which may be calculated to falsely advertise the services or products of Defendant Number 27 as being sponsored by, authorized by, endorsed by, or in any way associated with Plaintiff;

   d. falsely representing Defendant Number 27 as being connected with Plaintiff, through sponsorship or association;

   e. engaging in any act, which is likely to falsely cause members of the trade and/or of the purchasing public to believe any goods or services of Defendant Number 27, are in any way endorsed by, approved by, and/or associated with Plaintiff;

    f.    using any reproduction, counterfeit, copy, or colorable imitation of the Chanel Marks in connection with the publicity, promotion, sale, or advertising of any goods sold by Defendant Number 27;

    g.    affixing, applying, annexing or using in connection with the sale of any goods, a false description or representation, including words or other symbols tending to falsely describe or represent Defendant Number 27's goods as being those of Plaintiff, or in any way endorsed by Plaintiff;

    h.    offering such goods in commerce; and from otherwise unfairly competing with Plaintiff;

    i.    secreting, destroying, altering, removing, or otherwise dealing with the unauthorized products or any books or records, which contain any information relating to the importing, manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, renting or displaying of all unauthorized products, which infringe the Chanel Marks; and

    j.    effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (A) through (I).

3.    Plaintiff shall have the right to seek sanctions for contempt, compensatory damages, injunctive relief, attorneys' fees, costs, and such other relief deemed proper in the event of a violation or failure by Defendant Number 27 to comply with any of the provisions hereof. The prevailing party in any such proceeding shall be entitled to recover its attorney's fees and costs.

Case No. 18-cv-62860-BLOOM/Valle

4. This Consent Final Judgment shall be conclusive for purposes of collateral estoppel regarding all issues that have been or could have been brought on the same operative facts.

5. Each party shall bear its own attorney's fees and costs.

6. This Court will retain continuing jurisdiction over this cause to enforce the terms of this Consent Final Judgment.

7. PayPal, Inc. ("PayPal") shall (1) disburse the funds of Defendant Number 27 restrained pursuant to the Order Granting Plaintiff's *Ex Parte* Application for Entry of Temporary Restraining Order (the "TRO"), ECF No. [7], dated November 27, 2018, as directed by Plaintiff's counsel; (2) upon transfer of the funds to Plaintiff as required herein, PayPal shall remove any restraints that were placed on Defendant Number 27's PayPal account pursuant to the TRO; and (3) return Defendant Number 27's account back to an unrestrained status in accordance with PayPal's operating procedures and contract for services with Defendant Number 27.

**DONE AND ORDERED** in Miami, Florida, this 16th day of January, 2019.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

4